Cite as: 596 U. S. \_\_\_\_ (2022)      1

# SUPREME COURT OF THE UNITED STATES

### JOE CLARENCE SMITH, JR. *v.* DAVID SHINN, DIRECTOR, ARIZONA DEPARTMENT OF CORRECTIONS, REHABILITATION AND REENTRY, ET AL.

#### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 21–1268.   Decided May 23, 2022

The petition for a writ of certiorari is denied.

Statement of JUSTICE BREYER respecting the denial of certiorari.

Joe Clarence Smith was first sentenced to death in 1977, more than 44 years ago. Pet. for Cert. 2. The Arizona Supreme Court vacated that sentence as unconstitutional and remanded for resentencing in 1979. *Id.*, at 3; App. to Pet. for Cert. 9. On remand, Smith was sentenced to death a second time. *Ibid.* Twenty years later in 1999, the Ninth Circuit vacated Smith's second death sentence, again on constitutional grounds. *Smith* v. *Stewart*, 189 F. 3d 1004. Smith was then resentenced to death a third time in 2004. App. to Pet. for Cert. 10.

In 2007, 30 years after Smith was first sentenced to death, he petitioned this Court to review the constitutionality of his death sentence. He argued that it would be cruel and unusual to execute him after such a lengthy delay. The Court denied certiorari, and I dissented because I believed that Smith could "reasonably claim that his execution at this late date would be 'unusual' . . . particularly when much of the delay at issue seems due to constitutionally defective sentencing proceedings." *Smith* v. *Arizona*, 552 U. S. 985, 986 (2007). In 2017, Smith again petitioned for certiorari on the same issue, and the Court again denied his petition. I wrote again to express my continued concern

that the length of time Smith had spent on death row raised serious constitutional questions.  But I recognized that procedural obstacles (which had not been present in his first petition for certiorari 10 years earlier) now made it difficult for the Court to grant certiorari on that question.  *Smith* v. *Ryan*, 581 U. S. ___, ___ (2017) (statement respecting denial of certiorari) (slip op., at 2).

Smith's case is now before us for the third time.  By now, more than 44 years have passed since his first death sentence.  Pet. for Cert. 2.  And he "has spent almost all of [that] time" in solitary confinement, "alone in a cell that . . . measures 86.4 square feet, or roughly the size of a compact parking space."  *Id.*, at 3–4 (footnote omitted).  Smith tells us that only four other prisoners in all of the United States have been on death row longer than he has.  *Id.*, at 4–5, and n. 2.

We have said that the uncertainty of waiting in prison under threat of execution for just four weeks is "one of the most horrible feelings to which [a person] can be subjected."  *In re Medley*, 134 U. S. 160, 172 (1890).  On top of that, "[y]ears on end of near-total isolation exact a terrible price."  *Davis* v. *Ayala*, 576 U. S. 257, 289 (2015) (Kennedy, J., concurring).  Smith has been subjected to those conditions, not for four weeks, but for *four decades*.  While I recognize, as I did in 2017, that procedural obstacles make it difficult for us to grant certiorari here, I continue to believe that the excessive length of time that Smith and others have spent on death row awaiting execution raises serious doubts about the constitutionality of the death penalty as it is currently administered.  See *Glossip* v. *Gross*, 576 U. S. 863, 908 (2015) (dissenting opinion); see also, *e.g.*, *Buntion* v. *Lumpkin*, 596 U. S. ___ (2022) (statement respecting denial of application for stay); *Hamm* v. *Dunn*, 583 U. S. ___ (2018) (statement respecting denial of application for stay and denial of certiorari).